UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20087-ALTONAGA

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.

**DIANALIS MOLINA NODA**

      Defendant.

_____/

**MOTION DIRECTING JURORS DURING VOIR DIRE
AND WITNESSES WHILE TESTIFYING TO REMOVE MASKS**[1]

The defendant, Dianelis Molina Noda, by and through undersigned counsel, respectfully submits this motion requesting the Court direct prospective jurors to remove their masks during voir dire and witnesses to do the same while testifying. This is necessary to preserve Ms. Molina Noda's Sixth Amendment rights to an impartial jury and confrontation.

    **I.    Masked jurors during voir dire rob Ms. Molina Noda of her Sixth Amendment right to select an impartial jury.**

"*Voir dire* plays a critical function in assuring the criminal defendant that h[er] Sixth Amendment right to an impartial jury will be honored."[2] "Demeanor plays

---

[1] To ensure everyone's safety, Ms. Molina Noda respectfully requests the witnesses and potential jurors be instructed to remove their masks and wear a transparent face shield.

[2] *Rosales-Lopez v. United States*, 451 U.S. 182, 188, 101 S. Ct. 1629, 1634 (1981) (alternation in original) (citing *Connors v. United States*, 158 U.S. 408, 413 (1895).

1

a fundamental role not only in determining juror credibility, but also in simply understanding what a potential juror is saying."[3] The Supreme Court has recognized this truism since 1878. Ms. Molina Noda requests she be afforded the same rights as every criminal defendant before her: the ability to examine juror demeanor and facial expressions to ensure her Sixth Amendment right to an impartial jury is honored.[4]

Due to the COVID-19 pandemic, everyone in the Courthouse must wear a mask.[5] This includes potential jurors. This necessary safety precaution carries important Sixth Amendment implications. A criminal defendant's right to be tried by an impartial jury of her peers is designed "to prevent oppression by the Government."[6] Compromising this process can transform juries from a check on governmental power to "ready weapons for officials to oppress[] those accused individuals. . . ."[7]

Voir dire and the exercise of peremptory challenges assure impartiality.[8] During voir dire, the criminal defendant can "reach conclusions as to impartiality and credibility by relying on [her] own evaluations of demeanor evidence and of responses to questions."[9] Courts around the country have recognized that evaluation of facial

---

[3]. *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1357 (11th Cir. 2020) (Brasher, J.) (quoting *Reynolds v. United States*, 98 U.S. 145, 156–57, (1878)).

[4]. *Reynolds v. United States*, 98 U.S. 145, 156–57, (1878).

[5]. *See* S. Dist. Fla: COVID-19 Notices, available at https://www.flsd.uscourts.gov/ (last accessed Aug. 15, 2021) (advising everyone entering the courthouse must be masked).

[6]. *Duncan v. State of La.*, 391 U.S. 145, 155-56 (1968).

[7]. *Akins v. Texas,* 325 U.S. 398, 408 (1945) (Murphy, J., dissenting).

[8]. *Connors v. United States*, 158 U.S. 408 (1895).

[9]. Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981) (collecting cases).

expressions and demeanor are an appropriate and necessary consideration during voir dire.[10]  Indeed, "[t]he manner of the juror while testifying is oftentimes more indicative of the real character of his opinion than his words."  The same is true in Ms. Molina Noda's case.

Potential jurors in Ms. Molina Noda's trial will appear masked for jury selection making their physical expressions, facial expressions, and related body language more difficult to perceive.  As the government has acknowledged,[11] the masks will impair Ms. Molina Noda's "evaluat[ions] of demeanor evidence and of responses to questions."[12]  Thus, to safeguard her Sixth Amendment right to an impartial jury, Ms. Molina Noda requests that during voir dire jurors remove their masks and be provided clear face shields so that counsel can effectively evaluate each juror's demeanor.

## II. Allowing government witnesses to testify masked violates Ms. Molina Noda's right to confrontation.

---

10.  *See, e.g.*, *Pemberthy v. Beyer*, 19 F.3d 857, 872 (3d Cir. 1994) (facial expressions basis for striking juror); *United States v. Williams*, 264 F.3d 561, 571 (5th Cir.2001) (prospective juror was appropriately struck after government alleged juror smiled at the defendant); *United States v. Melton*, 883 F.2d 336, 338 (5th Cir.1989) (upholding peremptory strike where juror chewed gum during voir dire); *United States v. McMath*, 559 F.3d 657, 665 (7th Cir. 2009) (facial expressions); *United States v. Atkins*, 25 F.3d 1401, 1406 (8th Cir.1994) (juror made "funny face" when asked if filing false claim should be a crime); *Reynolds v. Benefield*, 931 F.2d 506, 512 (8th Cir.), *cert. denied*, 501 U.S. 1204 (1991); *Barfield v. Orange County*, 911 F.2d 644, 648 (11th Cir.1990) (hostile body language and facial expressions), *cert. denied*, 500 U.S. 954 (1991).

11.  In August 2020, in another case, the government conceded that "masks will impair the ability of the Court and counsel to observe the jurors' facial expressions [and a] mask requirement may infringe on Defendant's Sixth Amendment right to an impartial jury." *United States v. Crittenden*, 2020 WL 4917733, *8 (M.D.Ga. Aug. 21, 2020).

12.  Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981) (collecting cases).

The Sixth Amendment guarantees "the right [of the criminal defendant] to be confronted with the witnesses against him."[13] Confrontation is a "bedrock procedural guarantee."[14] It "provides two types of protections for a criminal defendant: [T]he right physically to face those who testify against him [or her], and the right to conduct cross-examination."[15]

> [T]he [Confrontation] Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined.[16]

Ms. Molina Noda has a right not just to hear the witnesses' testimony, but also to see their facial expressions and demeanor. As does the jury. Cross-examination is "the principal means by which the believability of a witness and the truth of his testimony are tested."[17] Confrontation encompasses the right "to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."[18]

---

13. Sixth Amend., U.S. Const.
14. *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (Scalia, J.).
15. *Coy v. Iowa*, 487 U.S. 1012, 1017 (1988).
16. *Crawford v. Washington*, 541 U.S. 36, 61 (2004) (Scalia, J.).
17. *Davis v. Alaska*, 415 U.S. 308, 316 (1974).
18. *Davis v. Alaska*, 415 U.S. at 318.

The criminal defendant is entitled to meaningful cross-examination.[19] Cross-examination is meaningful when the jury can look upon the testifying witness at trial and "judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."[20] Unquestionably, facial expression and demeanor are part of this calculus.

Ms. Molina Noda respectfully requests this Court to order the witnesses who testify to remove their face masks, or to wear transparent face shields, so that she may have a meaningful opportunity to confront, and cross examine the witnesses against her as guaranteed by the Sixth Amendment. Ms. Molina Noda is not insensitive to the health and safety concerns implicated by asking potentially unvaccinated witnesses to testify maskless. However, Confrontation "may not be disregarded at our convenience. . . ."[21] "The purpose of enshrining this protection in the Constitution was to assure that none of the many policy interests from time to time . . . could overcome a defendant's right to face his or her accusers in court."[22] Precisely so here.

Undersigned counsel conferred with counsel for the government, who oppose this motion.

---

19. *California v. Green*, 399 U.S. 149, 158 (1970).
20. California v. Green, 399 U.S. 149, 158 (1970).
21. *Bullcoming v. New Mexico*, 564 U.S. 647, 655 (2011).
22. *Maryland v. Craig*, 497 U.S. 836, 859-60 (1990) (Scalia, J., dissenting).

## CONCLUSION

For the reasons stated above, Ms. Molina Noda respectfully requests the Court enter an order directing prospective jurors to remove their masks during voir dire and witnesses to do the same while testifying.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:   */s/ Kirsten R. Nelson*
Kirsten R. Nelson
Assistant Federal Public Defender
Florida Special A No.: A5502543
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: kirsten_nelson@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Kirsten R. Nelson